IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**SCOTT PHILLIPS,**

    **Plaintiff,**

v.                                **Civil Action Number:**

**CORPORAL MICHAEL COSTELLO**

    **Defendants.**

## **COMPLAINT**

Comes now the Plaintiff, William Liebau, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his complaint against the above-named Defendant, states as follows:

1. Plaintiff, Scott Phillips (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was incarcerated at the North Central Regional Jail (hereinafter NCRJ) at the time of this incident.

2. West Virginia Division of Corrections and Rehabilitation (hereinafter "WVDCR") is a correctional institution funded, in whole or part, by the State of West Virginia. The WVDCR's principle or central office is located in Charleston, Kanawha County, West Virginia. The WVDCR is responsible for overseeing the jails and correctional facilities throughout the state.

3. Defendant, Correctional Officer Michael Costello, was and is employed by the West Virginia Division of Corrections and Rehabilitation as a correctional officer at NCRJ that used unwarranted and excessive force against the plaintiff.

4. The reckless, willful and intentional acts and omissions of the defendant directly resulted in plaintiff being injured. Plaintiff affirmatively states that he has exhausted all administrative remedies. Plaintiff asserts that he is seeking damages up to an amount commensurate with the amount of insurance coverage when applicable to the claims made herein.

5. All events and occurrences alleged herein occurred in the State of West Virginia.

## FACTS

6. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 5 as if set forth herein.

7. On or about January 6, 2023, Plaintiff was in section A-5 at NCRJ and was placed in the shower. Plaintiff requested a razor and soap from Correctional Officer Sams. CO Sams did not respond to Plaintiff, so Plaintiff requested a razor and soap from Correctional Officer Cross. Upon making this request, Plaintiff was told to shut up by Defendant Costello. Plaintiff once again asked CO Cross for a razor and soap when Defendant Costello intervened and told CO Cross that Plaintiff wasn't getting anything and walked over to the shower. Defendant Costello then pulled out his can of O.C. spray, cursed at Plaintiff, and sprayed Plaintiff all over with his O.C. spray.

8. Defendant Costello then screamed at Plaintiff to turn around and cuff up. Plaintiff complied and was taken out of the shower to a temporary holding cell. While being placed in the temporary holding cell, Defendant Costello intentionally slammed Plaintiff's head off the cage door while he was handcuffed and then made a sarcastic remark to Plaintiff about being careful. Plaintiff was not properly decontaminated after he was sprayed, even after he was handcuffed and removed from temporary holding cell. Plaintiff was given less than two minutes to shower off the O.C. spray and still was not given any soap. Plaintiff was not a threat to himself, the Defendant, or anyone else at the time he was sprayed. Plaintiff had just been placed in the shower and was not causing any disturbance when Defendant Costello approached Plaintiff's shower door and sprayed him without any warning. Defendant Costello never gave Plaintiff any warning that he was going to spray him and Plaintiff never refused any orders. Plaintiff suffered burning eyes, shortness of breath and burning of his skin. This was and is a clear violation of the use of force policy and a violation of Plaintiff's constitutional rights.

9. Defendants Costello also attempted to cover up his wrongful conduct by filing a false incident report. Plaintiff was placed in the hole as a result of the write-ups from this incident.

10. Defendant Costello has an extensive history of using excessive and unnecessary force on inmates, especially through the use of O.C. spray. Defendant Costello has been involved in using excessive force, most commonly through the use of O.C. spray, against numerous inmates while he was a correctional officer at NCRJ.

11. Plaintiff further asserts that he is seeking damages from the defendant up to an amount commensurate with the amount of insurance coverage when applicable to the claims made herein. The individual defendant is being sued in his individual capacity and was acting under the color of state law at all times relevant herein.

12. The excessive conduct of defendant Costello should be on a video recording.

13. Defendants Costello's conduct, carried out under the color of state law, violated WVDCR policy which addresses the duty to protect inmates from harm as well as the use of force policy adopted by the WVDCR. The conduct described above also violated plaintiff's right to be free from excessive physical force in violation of the Eighth Amendment to the United States Constitution. At no time was plaintiff a threat to defendant Costello and at no time did plaintiff fail to follow orders of the defendant. Defendant Costello filed a false report in an attempt to cover up his conduct. As a result of Plaintiff being sprayed with O.C. spray, Plaintiff suffered serious physical injury, severe burning from the spray, and was unable to breathe.

**COUNT I –OUTRAGEOUS CONDUCT**

14. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

15. Defendant Costello's conduct as described herein was carried out without just cause and was outrageous and intentional, proximately causing Plaintiff to suffer severe bodily injury,

severe emotional distress, humiliation, embarrassment, mental distress and loss of personal dignity as a result of Defendant Costello carrying out his duties.

16. Defendant Costello knew that such conduct was reasonably certain to cause severe emotional distress as well as physical harm. Despite said knowledge, Defendant Costello conducted himself in an outrageous manner when he sprayed Plaintiff with O.C. spray as previously described and failed to properly decontaminate Plaintiff, when plaintiff posed no threat of harm to the officers, others, or himself. Defendant Costello's conduct was an excessive use of force and amounts to cruel and unusual punishment. Defendant Costello's conduct of spraying plaintiff with O.C. spray without any warning demonstrates the defendant's malicious intent. Due to the Defendant's conduct, Plaintiff has suffered severe emotional distress.

17. As a result of this conduct, Plaintiff has suffered burning of his skin, shortness of breath, mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages from defendants as well as and attorney fees and costs pursuant 42 U.S.C.§ 1988.

## COUNT II- VIOLATION OF 42 USC §1983

18. Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

19. Defendant Costello used unnecessary and excessive force against Plaintiff when he sprayed plaintiff with OC spray when plaintiff did not pose a threat to himself or others and failed to properly decontaminate Plaintiff. This conduct was unwarranted, unnecessary and unjustified. Defendant's actions were done to Plaintiff with the intent to inflict unnecessary harm and humiliation, embarrassment, pain and emotional distress upon him and were carried out under the color of the law of the State of West Virginia. The conduct described herein deprived plaintiff of his rights and privileges under the Constitution of the United States of America. At no time did

defendant Costello employ any efforts to temper. Defendant's conduct was unnecessary and excessive and is cruel and unusual punishment. Defendant's use of excessive force on a compliant inmate demonstrates the unconstitutional nature of the excessive force as well as the malicious intent.

20. The use of force on Plaintiff when he posed no threat to himself or others was a violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution to be free from unreasonable intrusions on his bodily integrity. Defendant Costello's use of excessive force was cruel and unusual punishment. This cruel and unusual punishment was carried out without any just cause and was completely unwarranted. Correctional Officers such as the defendant receive training that identifies such conduct as a constitutional violation of an inmate's rights. The failure to make any effort to temper is further evidence of defendant Costello' malicious conduct.

21. The conduct of Defendant Costello was so egregious and outrageous, so as to constitute an abuse of power in violation of Plaintiff's rights under the Eighth Amendment. Further, Defendant's acts, as set forth herein, were done while acting under the color of state law with the knowledge that such conduct violated plaintiff's constitutional rights. Defendant Costello would have known that his conduct violated plaintiff's constitutional rights as a result of legal precedent and his training.

22. As a result of the aforementioned violation of plaintiff's civil rights, Plaintiff has suffered burning of his skin, shortness of breath, mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against defendants as well as attorney fees and costs pursuant to 42 U.S.C.§ 1988.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendant and requests that the Court award damages including, but not limited to, physical injury, medical expenses, past and future medical expenses, damages for emotional and mental distress and punitive damages (against the individual Defendant only) court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.

PLAINTIFF DEMANDS A TRIAL BY JURY.

SCOTT PHILLIPS,
By Counsel,


/s/ Paul Stroebel_____
Paul E. Stroebel, Esquire (WV BAR 13269)
Stroebel & Stroebel, PLLC
405 Capitol Street; Suite 102
P.O. Box 2582
Charleston, WV 25329
Telephone: (304) 346-0197
Fax: (304) 346-6029
E-mail:  paulstroebel1@gmail.com